UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ERIC POIROUX (#333738)**            **CIVIL ACTION**

**VERSUS**

**ELAYN HUNT CORRECTIONAL CENTER, ET AL.**     **NO. 17-0085-JJB-EWD**

## O R D E R

This matter comes before the Court in connection with correspondence received from the *pro se* plaintiff (R. Doc. 1), that the Court interprets to be an attempt to assert the violation of his constitutional civil rights pursuant to 42 U.S.C. § 1983. Plaintiff, a person confined at the St. Tammany Parish Jail, Covington, Louisiana, apparently seeks to resume or reinstate a prior lawsuit commenced by him in this Court, *Eric Poiroux v. J. Curry, et al.*, Civil Action No. 15-0860-JWD-RLB, which lawsuit was dismissed in April, 2016, upon the failure of Plaintiff to pay the Court's filing fee. Plaintiff also apparently complains that he has been subjected to harassment and abuse at his current place of confinement including, *inter alia,* interference with his access to the mails, to his legal work, and to writing materials. Plaintiff has neither paid the Court's filing fee nor filed a motion to proceed *in forma pauperis* herein.

The statute applicable to the granting by federal courts of *in forma pauperis* status to inmates in civil proceedings compels the conclusion that Plaintiff is not entitled to proceed as a pauper in this case. This statute, 28 U.S.C. § 1915, provides, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). *See also Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

A review of the records of the federal courts reflects that Plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous, malicious, or for failure to state a claim.[1] Accordingly, Plaintiff is barred from proceeding *in forma pauperis* in this case,[2] and he is required to pay the full amount of the Court's filing fee, without the benefit of periodic installment payments. Therefore;

**IT IS ORDERED** that Plaintiff is granted 21 days from the date of this Order within which to pay $400.00, the full amount of the Court's filing fee. The filing fee must be paid in full in a single payment. No partial payments will be accepted. Failure to pay the Court's filing fee within 21 days shall result in the dismissal of Plaintiff's action without further notice from the Court.

Signed in Baton Rouge, Louisiana, on April 11, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

1. Cases filed by Plaintiff while incarcerated that have been dismissed by the federal courts as frivolous, malicious, or for failure to state a claim include, but are not limited to, *Eric Poiroux v. Bill Belt, et al.*, Civil Action No. 95-2297 (W.D. La.), *Eric Poiroux v. Bill Belt, et al.*, Civil Action No. 96-0495 (W.D. La.), and *Eric Poiroux v. Major C. Kenny, et al.*, Civil Action No. 96-3027 (E.D. La.),

2. The Court finds that the allegations of Plaintiff's Complaint do not fall within the "imminent danger" exception to the statute.