UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC POIROUX (#3333738)                                         CIVIL ACTION

VERSUS

ELAYN HUNT CORRECTIONAL CENTER, ET AL.          NO. 17-0085-JJB-EWD

RULING

*Pro se* Plaintiff, a prisoner previously confined at the St. Tammany Parish Jail, Covington, Louisiana, submitted correspondence to the Court in February 2017 that the Court interpreted to be an attempt to assert the violation of his constitutional civil rights pursuant to 42 U.S.C. § 1983. Plaintiff apparently sought to resume or reinstate a prior lawsuit commenced by him before this Court, *Eric Poiroux v. J. Curry, et al.*, Civil Action No. 15-0860-JWD-RLB, which lawsuit was dismissed in April 2016 upon the failure of Plaintiff to pay the Court's filing fee. Plaintiff further complained that he was being subjected to harassment and abuse at his then place of confinement through, *inter alia*, interference with his access to the mails, to his legal work and to writing materials.

Pursuant to Order dated April 11, 2017 (R. Doc. 2), the Court denied Plaintiff leave to proceed *in forma pauperis* herein and ordered him to pay the full amount of the Court's filing fee ($400.00) within twenty-one (21) days. The Court's Order specifically advised Plaintiff that "[f]ailure to pay the Court's filing fee within 21 days shall result in the dismissal of Plaintiff's action without further notice from the Court.

A review of the record by the Court reflects that Plaintiff has failed to pay the Court's filing fee as directed. Instead, the referenced Order (R. Doc. 2), which was forwarded to Plaintiff at his

record address, has been returned to the Court as undeliverable, marked "Return To Sender," apparently because Plaintiff is no longer confined at the St. Tammany Parish facility. See R. Doc. 3. It thus appears that Plaintiff may have lost interest in pursuing this matter since his release or transfer from the referenced facility.

Pursuant to Local Rule 41(b)(4) of this Court, the failure of a *pro se* litigant to keep the Court apprised of a change of address may constitute cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. As a practical matter, this case cannot proceed without the payment of the Court's filing fee and without an address where Plaintiff may be reached and where he may receive pleadings, notices or rulings. Accordingly, the Court concludes that the above-captioned proceeding should be dismissed, without prejudice, for failure of Plaintiff to comply with the Court's Order and for failure to prosecute this proceeding by failing to keep the Court apprised of a current address.

**IT IS ORDERED** that the above-captioned proceeding be **DISMISSED**, without prejudice, for failure of Plaintiff to comply with the Court's Order and for failure to prosecute this proceeding by failing to keep the Court apprised of a current address. Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 26th day of July, 2017.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA